[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15945
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cr-14010-DMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHELINE EPPOLITO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 7, 2017)

Before ED CARNES, Chief Judge, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Micheline Eppolito was charged with one count of knowingly possessing unauthorized access devices with the intent to defraud, in violation of 18 U.S.C. § 1029(a)(3), and with five counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  She pleaded not guilty and proceeded to trial.  After both the government and Eppolito rested, the district court held a charge conference outside of the presence of the jury.  The court rejected Eppolito's proposed instruction that to find her guilty of aggravated identity theft the jury first had to find her guilty of access device fraud.  The district court then instructed the jury on the relevant law, including instructing it that it was required to "consider each crime . . . separately" and that if it "[found] the [d]efendant guilty or not guilty of one crime, that must not affect [the] verdict for any other crime."

The jury then began deliberating and during those deliberations it sent the district court a number of written questions.  One of those questions asked whether the jury could find Eppolito guilty of aggravated identity theft even if it found her not guilty of access device fraud.  Eppolito argued, as she did with her earlier proposed jury instruction, that the jury had to find that she committed the predicate offense of access device fraud before it could find her guilty of aggravated identity theft.  The district court again disagreed with Eppolito's argument, and it responded to the jury's question by instructing, in relevant part, that "[y]ou must consider each crime and the evidence relating to it separately."

2

The jury then sent the district court another written question, this time pointing to the instruction defining the "intent to defraud" element of the crime of access device fraud.  The definition given in the initial instructions stated that "intent to defraud" meant "act[ing] with intent to deceive or cheat, usually for personal financial gain or to cause financial loss to someone else."  In its question to the district court, the jury asked:  "[I]f the trade was for drugs vs. money was there 'personal financial gain?'  Does it have to be financial gain or loss specifically [or] does the term cover goods or services in exchange for the stolen doc[uments ?]"

The district court suggested that it provide the jury with a definition of "usually" as part of its answer to that question, but Eppolito objected, and contended that for the court to define words within the definition of "intent to defraud" would be a "recipe for disaster."  She also proposed that the court respond by referring the jury to the definition of "intent to defraud" provided in the jury instructions.  The district court disagreed and answered the jury's question by stating:

> "Usually" means something that is expected by reason of previous experience, which shows it to occur more often than not.  Personal financial gain is not required.  The essential question is the intent to defraud which is solely for you to determine based on the instructions and the evidence in the case.

3

The jury eventually found Eppolito guilty of all six counts, and the district court sentenced her to 30 months imprisonment.  This is her appeal.

Eppolito first contends that the district court's response to the jury's question about "intent to defraud" was a misstatement of the law because it instructed the jury that the "intent to defraud" element of access device fraud did not require finding that she had the purpose of receiving a financial gain or causing someone else to suffer financial loss.  As an initial matter, Eppolito failed to preserve this argument.  See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  "To preserve an issue for appeal, 'one must raise an objection that is sufficient to apprise the trial court and the opposing part of the particular grounds upon which appellate relief will later be sought.'"  United States v. Straub, 508 F.3d 1003, 1011 (11th Cir. 2007) (quoting United States v. Dennis, 786 F.2d 1029, 1042 (11th Cir. 1986)).  While Eppolito argued that the district court's answer to the jury's question was a "recipe for disaster," she did not assert that the district court's answer misstated the law or misled the jury.  As a result, we review it for plain error only.  See Rodriguez, 398 F.3d at 1298.

"An appellate court may not correct an error the defendant failed to raise in the district court unless there is:  '(1) error, (2) that is plain, and (3) that affects substantial rights.'"  Id. (quoting United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)).  "If all three conditions are met, an appellate court may

4

then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting Cotton, 535 U.S. at 631, 122 S. Ct. at 1785).

To the extent that the district court should have instructed the jury that it could find an intent to defraud only if it found that Eppolito had both an intent to deceive and a purpose of causing another to suffer financial loss or bringing about her own financial gain, that error was not plain. We have noted that "[i]ntent to defraud has often been defined as 'the specific intent to deceive or cheat, for the purpose of either causing some financial loss to another, or bringing about some financial gain to one's self.'" United States v. Klopf, 423 F.3d 1228, 1240 (11th Cir. 2005) (emphasis added) (quoting United States v. Peden, 556 F.2d 278, 280 (5th Cir. 1977)). But we have not held that the intent to defraud can be shown only if the defendant has both the intent to deceive and the purpose of causing financial loss or receiving financial gain. As a result, any error the district court made in answering the jury's "intent to defraud" question was not plain. See United States v. Olano, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777 (1993) ("At a minimum, court of appeals cannot correct an error pursuant to [plain error review] unless the error is clear under current law.").

Eppolito also contends that the district court erred by both (1) declining to instruct the jury that it could find her guilty of aggravated identity theft only if it

5

first found her guilty of access device fraud, and (2) telling the jury, in response to one of its questions, that it could find her guilty of aggravated identity theft even if it found her not guilty of access device fraud.  Both arguments depend on whether a guilty verdict for aggravated identity theft is incompatible with a not guilty verdict for an underlying predicate offense (here, access device fraud).

We need not decide whether the district court's refusal to instruct the jury (and answer its question) in the manner Eppolito requested was error because, even if it were, the error was harmless.  See United States v. Robison, 505 F.3d 1208, 1222–23 (11th Cir. 2007) ("The government bears the burden of establishing that the jury charge error was harmless.") (quotation marks omitted).  Even if the jury had been instructed that it could not find Eppolito guilty of aggravated identity theft unless it first found her guilty of access device fraud, the jury would have found her guilty of aggravated identity theft because it found her guilty of access device fraud.[1]  For that reason, any error was harmless.

**AFFIRMED.**

---

[1] Eppolito does not contend that the evidence was insufficient for the jury to find her guilty of access device fraud and, as we have already discussed, the district court did not plainly err in its response to the jury's question about that crime.